# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FLOYD R. NASH,**

        **Petitioner,**

**v.**                                                         **Civil Action No. 5:05cv204**
                                                              **(Judge Stamp)**

**KEVIN WENDT, Warden,**

        **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

### I.    Factual and Procedural History

On December 28, 2005, the *pro se* petitioner initiated this case by filing a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2254 in which he challenges a conviction and sentence imposed in the Superior Court of the District of Columbia ("D.C. Superior Court"). Specifically, the petitioner alleges that he is entitled to § 2254 relief in this Court because the trial court erred in denying his motion to withdraw his guilty plea.

On April 18, 2006, the respondent filed a response to the petitioner which asserts that as a District of Columbia prisoner, the petitioner is precluded from obtaining federal habeas relief under § 2254. Alternatively, the respondent argues that this case should be transferred to the United States District Court for District of Columbia. Although given ample time to do so, the petitioner has not filed a reply.

This matter is now before the undersigned for a report and recommendation pursuant to LR PL P 83.01, et seq.

### II.    Analysis

It is well-established that for purposes of federal habeas law, convictions in the District of Columbia Superior Court for offenses under the D.C. Criminal Code, are considered "state" convictions. Garris v. Lindsay, 794 F.2d 722 (D.C. Cir.), cert. denied, 479 U.S. 993 (1986) (citing, inter alia, Swain v. Pressley, 430 U.S. 372 (1977)). However, D.C. Code § 23-110 clearly prohibits a prisoner convicted in the D.C. Superior Court from pursuing federal habeas relief if he has "failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. St. § 23-110(g).

In Swain v. Pressley, the United States Supreme Court found that D.C. prisoners, unlike other state prisoners, could not utilize § 2254 to challenge the validity of a conviction and sentence without first showing that § 23-110 was inadequate or ineffective. Swain, supra (finding that § 23-110 divests federal courts of jurisdiction over such claims without a showing that the remedy under §23-110 is inadequate or ineffective). Moreover, to gain recourse in a federal judicial forum, a D.C. prisoner cannot simply rely on an unsuccessful attempt to obtain relief under § 23-110 as a basis for federal habeas relief. See Garris v. Lindsay, 794 F.2d at 726; Swain v. Pressley, 430 U.S. 377-378. In other words, § 23-110 is an exclusive remedy that precludes federal habeas review unless found to be inadequate or ineffective. Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998).[1]

To show that the remedy under § 23-110 is inadequate or ineffective, the inmate must show that "it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

---

[1] Compare to other state prisoners who can obtain federal habeas review simply by properly exhausting their state court remedies and timely filing a habeas petition. Garris v. Lindsay, 794 F.2d at 726.

In re Smith, 285 F.3d 6, 8 (D.C. Cir. 2002) (quoting In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis in original). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . ." Garris v. Lindsay, 794 F.2d at 727.

Here, the petitioner has failed to show that the remedy under § 23-110 was inadequate or ineffective. Instead, the petitioner merely asks this Court to examine issues previously denied by the District of Columbia Courts upon § 23-110 review. Petitioner does not allege that he was denied any opportunity for judicial rectification, only that he disagrees with the District of Columbia's disposition of his case. Such an argument is insufficient to show that his proceedings under § 23-110 were inadequate or ineffective. Moreover, the petitioner's claim in the instant case does not rise to the level of a fundamental defect showing that he was convicted of a nonexistent offense. Thus, the federal Courts are without jurisdiction to hear the petitioner's claims under § 2254 and it would be futile to transfer this case to the United States District Court for the District of Columbia.[2]

### III. Recommendation

For the reasons stated in this opinion, it is recommended that the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2254 (Dckt. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge for the Northern

---

[2] See Lyons v. Federal Bureau of Prisons, 2005 WL 3211417 2005) (D.D.C. Nov. 14) (also concluding that D.C. Code § 23-110(g) divests the district courts of jurisdiction over a § 2254 petition filed by a person under a sentence of the D.C. Superior Court where the Petitioner has failed to show that the remedy under § 23-110 was inadequate or ineffective to test the legality of the detention).

3

District of West Virginia. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: October 16, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE