IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


FLOYD R. NASH,

      Petitioner,

v.                                  Civil Action No. 5:05CV204
                                            (STAMP)
KEVIN WENDT, Warden,

      Respondent.


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

On December 28, 2005, the petitioner, Floyd R. Nash ("Nash"), filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2254. In the motion, Nash challenges the validity of a conviction and sentence imposed in the Superior Court of the District of Columbia. The motion was referred to United States Magistrate Judge John S. Kaull for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09.

In response to a show cause order dated February 15, 2006, the respondent asserts that the petitioner is precluded from obtaining federal habeas corpus relief under § 2254. Alternatively, the respondent argues that this case should be transferred to the United States District Court for the District of Columbia. The petitioner did not file a reply.

Following review of the motion, Magistrate Judge Kaull submitted a report and recommendation. Neither the petitioner nor the respondent filed objections. For the reasons set forth below,

this Court finds that the report and recommendation by the magistrate judge should be affirmed and adopted in its entirety, and that the petitioner's § 2254 motion to vacate, set aside, or correct his sentence should be denied and dismissed with prejudice.

## II.  Facts

On November 16, 1998, the petitioner plead guilty in the District of Columbia Superior Court to one count of armed robbery and one count of carrying a dangerous weapon.  On February 19, 1999, the petitioner was sentenced to nine (9) years to twenty-seven (27) years imprisonment for armed robbery and one (1) to three (3) years imprisonment for carrying a dangerous weapon with the sentences to run consecutively.

After his sentencing, the petitioner filed a motion to vacate the guilty plea, reduction of sentence and/or vacate sentence pursuant to District of Columbia Official Code § 23-110, seeking to withdraw his guilty plea based on the ineffective assistance of counsel and that his guilty plea was not knowingly, intelligently, and voluntarily made.  Thereafter, the parties became aware that the Rule 11 hearing transcript was either missing or unavailable. Despite the transcript's absence, however, the District of Columbia Superior Court held that the matter could proceed.  At a final hearing on November 27, 2001, the District of Columbia Superior Court denied the petitioner's motion to vacate the guilty plea, reduction of sentence and/or vacate sentence.

The petitioner appealed the District of Columbia Superior Court's decision, and the District of Columbia Court of Appeals affirmed the petitioner's conviction on December 20, 2003. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a _de novo_ review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to _de novo_ review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

### IV. Discussion

In his motion, petitioner claims that he is entitled to relief under § 2254 because the trial court erred in denying his motion to withdraw his guilty plea.

The magistrate judge found that for purposes of federal habeas corpus law, convictions in the District of Columbia Superior Court for offenses under the District of Columbia Criminal Code are considered "state convictions." See Garris v. Lindsay, 794 F.2d 722 (D.C. Cir. 1986). Thus, the magistrate judge determined that

the petitioner's claims are properly construed as claims under 28 U.S.C. § 2254 for federal habeas relief from a state judgment. See 28 U.S.C. § 2254(a) ("a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court"). As a result, the magistrate judge applied District of Columbia Official Code § 23-110.

District of Columbia Official Code § 23-110 prohibits a prisoner convicted in the District of Columbia Superior Court from utilizing § 2254 if he has "failed to make a motion for relief under this section" or "the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. St. § 23-110; see also Swain v. Pressley, 430 U.S. 372 (1977) (finding that § 23-110 divests federal courts of jurisdiction over § 2254 claims without a showing that the remedy under § 23-110 is inadequate or ineffective). Essentially, § 23-110 is an exclusive remedy that precludes federal habeas review unless found to be inadequate or ineffective. Blari-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998).

Following review of the petitioner's claims, the magistrate judge concluded that the petitioner failed to show that the remedy under § 23-110 was inadequate or ineffective. Furthermore, the petitioner does not allege a denial of opportunity for judicial rectification or a fundamental defect in his conviction. Rather,

the petitioner merely disagrees with the District of Columbia's disposition of his case.  Accordingly, the magistrate judge found that District of Columbia Official Code § 23-110 applies in this instance to bar the availability of federal habeas relief and prevent the federal courts from taking jurisdiction over the petitioner's claims.  Thus, because the federal courts do not have jurisdiction to hear the petitioner's claims under § 2254, the magistrate judge also denied the respondent's alternative request to transfer to the case to the United States District Court for the District of Columbia as futile.

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, for the reasons set forth above, the petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2254 is DENIED.  It is further ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Moreover, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petition from appealing the judgment of this Court.  See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: October 16, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE